Ronald E. GUDMUNDSON, Appellant,

v.

STATE of Alaska, Appellee.

Steven KNUTSON, Appellant,

v.

STATE of Alaska, Appellee.

Nos. A–2309, A–2331.

Court of Appeals of Alaska.

Nov. 4, 1988.

---

Paul E. Malin, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellants.

Brent Cole, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Ronald E. Gudmundson and Steven Knutson were convicted by a jury of wanton waste of a big game animal. AS 16.30.-010(a). The court sentenced each defendant to fifteen days' imprisonment with all but three and one-half days suspended and imposed fines of $1,250 each. We affirmed the convictions, but remanded for the imposition of a legal sentence. *Knutson v. State*, 736 P.2d 775 (Alaska App.1987). On remand, Gudmundson and Knutson moved to vacate their conviction on jurisdictional grounds, *i.e.*, that the statute under which they were convicted was void because it violated due process. Such a claim may be brought at any time because it involves a claim that the complaint "does not charge a crime." Alaska R.Crim.P. 12(b)(2); *Gray v. State*, 525 P.2d 524, 527 n. 8, 9 (Alaska 1974). We affirm.

On August 21, 1985, Gudmundson and Knutson shot a Dall sheep ram on Sheep Mountain, an area closed for hunting. Gudmundson and Knutson assert that, at the time of the shooting, they both had valid hunting licenses and were unaware that the Sheep Mountain area was closed. After gutting the ram, the hunters decided to leave the carcass on the mountain and return for it the next day because it was getting dark. Later, the two hunters observed signs which indicated that the area in which they had shot the ram was a closed hunting area. *Knutson*, 736 P.2d at 776–77. According to Knutson, the hunters became "scared," *id.* at 777, and rather than retrieve the carcass, they decided to return to Anchorage to "figure out what to do." *Id.*

In their motions to vacate their convictions, Knutson and Gudmundson argue that their due process rights were violated because they were placed in a "cruel dilemma" at the scene of the shooting since they would have committed a crime whether they acted or failed to act. According to the hunters, on the day of the kill, they had two choices, both illegal, available to them: they could salvage the sheep and become criminally liable for illegal transportation of game, 5 AAC 92.140, or they could decline to salvage and become liable for wanton waste, AS 16.30.010(a). In Knutson's and Gudmundson's view, they were entitled to post-conviction relief on this basis.

District Court Judge John D. Mason rejected Knutson's and Gudmundson's arguments and denied the motion. Judge Mason concluded that the hunters should have informed the authorities of the kill so that the meat could have been salvaged. In the court's view, had Gudmundson and Knutson contacted the authorities and removed the game from the field, in all likelihood,

the state would not have prosecuted them for illegal transportation.

Gudmundson and Knutson appeal contending that (1) Judge Mason erred in finding no due process violation, (2) that Judge Mason's finding that the hunters should have informed the police about the kill overlooks their right against self-incrimination, and (3) that Judge Mason's reliance on the expectation that the state would not prosecute was improper and violated separation of powers.[1]

Gudmundson and Knutson have framed significant issues, but have inadequately briefed them. Consequently, we consider the issues abandoned. *See Kristich v. State,* 550 P.2d 796, 804 (Alaska 1976). Missing from Knutson's and Gudmundson's brief is the citation of any authority having facts remotely similar to those in their cases. In support of their primary due process argument, Gudmundson and Knutson rely on *dicta* in a dissenting opinion in *Korematsu v. United States,* 323 U.S. 214, 65 S.Ct. 193, 89 L.Ed. 194 (1944). In support of their claim that surrendering the illegally killed sheep to fish and game authorities would somehow violate their rights against compelled self-incrimination, they rely on *Surina v. Buckalew,* 629 P.2d 969, 976 (Alaska 1981), a case involving

attempts to compel a witness to testify at trial. In support of their challenge to Judge Mason's offhand observation that had the hunters salvaged the meat and turned the remains over to government authorities, there probably would not have been any prosecution, they rely on the discussion of separation of powers in *Public Defender Agency v. Superior Court,* 534 P.2d 947, 950–51 (Alaska 1975), a case in which the superior court sought to compel the attorney general to prosecute individuals for nonpayment of child support.

Vague references to general principles of law hardly constitute adequately briefing complicated legal issues. We stress that this is an application for post-conviction relief in which our jurisdiction is invoked to consider a claim that "the regulatory scheme," *i.e.,* a Fish and Game Code that contains both the statute and the regulation, is by virtue of that fact alone unconstitutional. We recognize that if the hunters' right to relief were clear and the unconstitutionality of the regulatory system involved self-evident, deficiencies in briefing should be ignored in order to prevent a miscarriage of justice.

The invalidity of AS 16.30.010(a) is not self-evident. *See* Paul H. Robinson, *Criminal Law Defenses* § 87(c) (1984).[2] First,

---

1. Appellant Knutson's motion to adopt co-appellant Gudmundson's brief was granted by this court on March 11, 1988.

2. Robinson implies that the "cruel dilemma" allegedly faced by the hunters in this case does not invalidate the statute on due process grounds, but rather gives rise to a factual defense akin to "impossibility" in those cases in which a justification defense (such as necessity) would be unavailable. *Id.* at 452–53. Judge Mason applied similar reasoning to conclude that the hunters should have salvaged the meat, thereby avoiding the greater evil, and then interposed a "necessity defense" if charged under the regulation. *See* AS 11.81.320. If a "necessity" defense was unavailable because an illegal act created the necessity, *see Cleveland v. Anchorage,* 631 P.2d 1073, 1078 n. 10 (Alaska 1981), then two other defenses may be available. First, the defense of performing a public duty as a justification for transporting the meat might be applicable. *See* AS 11.81.420(a) (otherwise illegal act justified, if required or authorized by law). Second, as Robinson suggests, an "impossibility" defense might be available. *See* AS 11.81.600(a) (the minimal requirement for crim-

inal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which the person is capable of performing). It is not clear that the hunters sought instructions on these defenses at trial. *See Marrone v. State,* 653 P.2d 672, 675 (Alaska App.1982) (defendant's failure to object to an instruction during his trial forfeits his right to challenge it in a post-conviction proceeding). Even if timely requests or interposed timely objections were made, controversies over jury instructions do not normally justify post-conviction relief unless they render the trial fundamentally unfair. *Price v. State,* 647 P.2d 611, 614 n. 8 (Alaska App.1982). Here, the hunters were not prosecuted for a violation of the regulation to which the defenses might apply, but for a violation of the statute to which they would not apply. Therefore, even if the defendants are correct in complaining of the "cruel dilemma they faced," it would not seem that their trial was fundamentally unfair. It is unnecessary for us to decide this point because the hunters did not raise such issues or discuss these defenses in their applications for post-conviction relief.

Gudmundson and Knutson base their challenge to the statute on an alleged conflict with a regulation. In so doing, they have overlooked the general rule that when a regulation conflicts with a statute, it is the regulation that must yield. *Cf. Beran v. State*, 705 P.2d 1280, 1287–90 (Alaska App. 1985) (discussing the requirement that a regulation, in order to be valid, must be consistent with statutes addressing the same subject matter).[3] Second, since it is the regulation that must be reconciled with the statute and not the statute that must be reconciled with the regulation, we are not convinced that Judge Mason erred in assuming that a "necessity" defense to a charge of illegally transporting game based upon the need to avoid waste solves any conflict. *See, e.g.,* AS 11.81.320. We are not persuaded by Gudmundson's and Knutson's argument that the necessity defense only applies to situations created by "acts of nature" as opposed to human acts, a proposition on which the hunters rely. *See Cleveland v. Anchorage*, 631 P.2d 1073, 1078–79 n. 10 (Alaska 1981) (interpreting former law). There is no such limitation in AS 11.81.320, the statute which sets forth the necessity defense, and the case law suggests that the legislature intended that the specifics of the necessity defense would be developed through case law. *See, e.g., Wells v. State*, 687 P.2d 346, 348–49 (Alaska App.1984). *See Jordan v. State*, 681 P.2d 346, 348–50 (Alaska App. 1984) (seeming to restrict the availability of a "necessity" defense in fish and game prosecutions).

Finally, AS 16.30.010 provides in pertinent part:

*Wanton waste of big game animals and wild fowl.*

(a) It is a class A misdemeanor for a person who kills a big game animal or species of wild fowl to fail intentionally, knowingly, recklessly, or with criminal negligence to salvage for human consumption the edible meat of the animal or fowl.

If the hunters had salvaged the edible meat of the sheep and turned it over to fish and game authorities, it is at least arguable that they would have complied with both the statute and the regulation. There is no requirement in the statute that hunters "salvaging meat" make full disclosure to public authorities as to the circumstances under which they obtained the meat. Consequently, it is not self-evident that surrendering the meat to public officials would have infringed upon the hunters' right to be free from compulsory self-incrimination.

The judgment of the district court is AFFIRMED.

BRYNER, C.J., dissents.

BRYNER, Chief Judge, dissenting.

Although the briefing for the appellants in this case may well leave something to be desired, it is, in my view, at least minimally adequate to preserve the issues raised for appellate review. The issues raised are not insubstantial. Because the case involves misdemeanor convictions, the appellants could properly have elected to submit the appeal in the first instance without any briefing whatsoever. Alaska Appellate Rule 217(f). The state has not objected to the appellants' briefs. I believe the appropriate recourse would be to order supplemental briefing.

---

3. To the extent that Gudmundson and Knutson argue that they in fact relied on the regulation in electing to violate the statute, their claim would not be that the statute was invalid on its face, but that the statute would be invalid as applied to them under the peculiar circumstances of their case. It is not clear that such a claim may be raised for the first time in an application for post-conviction relief.