Ronald E. GUDMUNDSON, Petitioner,

v.

STATE of Alaska, Respondent.

STATE of Alaska, Petitioner,

v.

Ronald E. GUDMUNDSON and Steven
E. Knutson, Respondents.

Steven E. KNUTSON, Petitioner,

v.

STATE of Alaska, Respondent.

Nos. S–3521, S–3527 and S–3529.

Supreme Court of Alaska.

Dec. 6, 1991.

Nancy R. Simel, Asst. Atty. Gen., Anchorage, Douglas B. Baily, Atty. Gen., Juneau, for petitioner/respondent, State of Alaska.

Paul E. Malin, Asst. Public Defender, John B. Salemi, Public Defender, Anchorage, for petitioner/respondent, Ronald E. Gudmundson.

Leslie A. Hiebert, Asst. Public Advocate, Anchorage, for petitioner/respondent, Steven E. Knutson.

Before RABINOWITZ, C.J., and
BURKE, MATTHEWS, COMPTON and
MOORE, JJ.

## OPINION

RABINOWITZ, Chief Justice.

## I. FACTS AND PROCEEDINGS

On August 31, 1985, Gudmundson and Knutson, possessing sheep tags and hunting licenses, killed at least one Dall sheep ram on Sheep Mountain on the Glenn Highway. Sheep Mountain was closed for hunting, but was within Game Management Unit 13A, which was otherwise open for hunting of full-curl rams.

Gudmundson and Knutson claim that, at the time of the kill, they did not know Sheep Mountain was closed. They assert that they consulted a recent regulation

summary, having been unable to obtain a copy of the full regulations, and that the summary did not provide notice that Sheep Mountain was closed. Moreover, as they approached Sheep Mountain from the west, there was no sign indicating that the area was closed for hunting.

Gudmundson and Knutson assert that impending darkness made it impossible to pack the sheep they had killed out that night. Therefore, they left the partially gutted carcass on Sheep Mountain, and went to a local lodge to celebrate their successful hunt.

When Gudmundson and Knutson left the lodge that night, they headed back toward Sheep Mountain to find a place to camp. As they approached Sheep Mountain from the east, they observed a sign indicating that Sheep Mountain was closed to hunting. They contend that they returned to the west side of the mountain to see if they could locate a similar sign, but found none. Instead of making camp, they returned to Anchorage that night.

After an anonymous informant furnished the state information, Knutson and Gudmundson admitted the kill and disclosed the location of the abandoned carcass to state authorities. By the time Fish and Wildlife personnel retrieved the sheep carcass, it was infested with maggots and unfit for human consumption.

The state charged Gudmundson and Knutson with violations of 5 AAC 80.-300(B), taking game in a closed area, and AS 16.30.010(a), wanton waste of a big game animal. Subsequently, Gudmundson and Knutson were convicted by a district court jury of wanton waste, a misdemeanor. Prior to trial the charge of taking game in a closed area was dismissed on the state's motion.[1]

Gudmundson and Knutson appealed their convictions, and the state appealed the sentence that the district court imposed because it was less than the statutory minimum. The court of appeals rejected Gudmundson's and Knutson's appeal, but re-manded the case with instructions to the district court to impose the legal sentence. *Knutson v. State,* 736 P.2d 775 (Alaska App.1987).

Gudmundson and Knutson then sought post conviction relief in district court pursuant to Criminal Rule 35.1(a)(1) on the grounds that their convictions under AS 16.30.010(a) violated due process. The court of appeals summarized Gudmundson's and Knutson's claim as follows:

> Knutson and Gudmundson argue that their due process rights were violated because they were placed in a "cruel dilemma" at the scene of the shooting since they would have committed a crime whether they acted or failed to act. According to the hunters, on the day of the kill, they had two choices, both illegal, available to them: They could salvage the sheep and become criminally liable for illegal transportation of game, 5 AAC 92.140, or they could decline to salvage and become liable for wanton waste, AS 16.30.010(a). In Knutson's and Gudmundson's view, they were entitled to post-conviction relief on this basis.

*Gudmundson v. State,* 763 P.2d 1360, 1361 (Alaska App.1988) (*Gudmundson I*).

The district court denied the claim for post-conviction relief and the court of appeals affirmed this denial. *Id.* at 1360–61. Although the court of appeals acknowledged that "Gudmundson and Knutson have framed significant issues," it affirmed the district court's denial of post-conviction relief on the grounds that Gudmundson's and Knutson's due process contentions were abandoned as a result of inadequate briefing on their part. *Id.* at 1362.

Gudmundson and Knutson then petitioned for rehearing on the grounds that their legal research disclosed no authority for the due process position they were advancing because of the unique factual situation. The court of appeals granted their petition for rehearing. *Gudmundson v.*

---

**1.** Gudmundson and Knutson were never charged with a violation of 5 AAC 92.140 (the unlawful possession or transportation of game).

*State,* MO & J No. 1712 (Alaska App., December 14, 1988) (*Gudmundson II*).

On rehearing, the court of appeals stated "we adhere to the original conclusion that AS 16.30.010, which prohibits the wanton waste of big game animals, is not unconstitutionally vague when viewed in conjunction with 5 AAC 92.140, which prohibits the unlawful transportation or possession of game illegally taken." *Gudmundson v. State,* MO & J No. 1838 at 1–2 (Alaska App. June 28, 1988) (*Gudmundson III*). However, the court of appeals went on to hold that "the two provisions, when read together, might create an unfairness in situations such as the instant case, unless the defendants are permitted to defend on the basis of reasonable mistake of law." *Id.* at 2. The court of appeals remanded the matter to the district court "for a new trial limited to the issue of whether Gudmundson and Knutson acted on a reasonable mistake of law." *Id.* Thereafter, we granted both Gudmundson's and Knutson's petitions for hearing.[2]

## II. HAVE GUDMUNDSON AND KNUTSON WAIVED THEIR RIGHT TO CLAIM A DUE PROCESS VIOLATION?

Gudmundson and Knutson did not raise a violation of due process claim prior to or at their trial in Superior Court. Nor was an alleged violation of due process advanced as a specification of error in their original appeal to the court of appeals. The due process issue was thereafter raised for the first time in Gudmundson's and Knutson's application for post-conviction relief brought pursuant to Criminal Rule 35.1.

Criminal Rule 35.1(a) provides in relevant part that:

Any person who has been convicted of, or sentenced for a crime and who claims: (1) that the conviction or sentence was in violation of the constitution of the United States or the constitution or laws of Alaska ... may institute a proceeding under this rule to secure relief.

The court of appeals held that "[t]he contention that Gudmundson and Knutson were prosecuted under statutes that are void because of conflicts with the due process clauses of the Alaska and United States Constitutions are properly cognizable in post-conviction relief proceedings." *Gudmundson II,* MO & J No. 1712 at 2.

The state does not contest this holding. Rather, the state argues that Gudmundson and Knutson have forfeited the right to raise any alleged violation of due process by virtue of their failure to raise such a claim either before trial, at trial, or on direct appeal.

### A. Criminal Rules 12 and 16 Do Not Require that the Defense of Unconstitutionality be Raised Pre–Trial.

■ The state argues that "a claim that a statute or regulation is unconstitutional as applied to an individual defendant must be raised prior to trial or it will be forfeited" under Criminal Rules 12 and 16.[3] On

---

**2.** Gudmundson and Knutson seek this court's review of the denial of their Criminal Rule 35.1 motion for post-conviction relief. The state cites *Hensel v. State,* 604 P.2d 222, 235 (Alaska 1979) for the proposition that post-conviction relief is always discretionary, and that this court should review this denial under an abuse of discretion standard.

Hensel had challenged his conviction on the basis of newly discovered evidence. We held that a trial court has discretion to make a factual finding that newly discovered evidence actually would be likely to change the result at trial. *Id.* Gudmundson and Knutson, however, contend that the superior court misapplied the law, alleging that the laws in question are vague and hence violate due process. *See Fajeriak v. State,* 520 P.2d 795 (Alaska 1974); *Post v. State,* 635 P.2d 1194 (Alaska App.1981).

The parties agree that this court should exercise its independent judgment on the underlying due process issue. *See Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979). Therefore, the question of whether Gudmundson and Knutson are entitled to post-conviction relief because they were denied due process will be decided under the independent judgment test.

The state also argues that Gudmundson and Knutson have waived their due process claim. To the extent that factual findings are critical to the issue of waiver, we will defer to factual determinations made at the trial level unless they are clearly erroneous. *Hensel,* 604 P.2d at 235.

**3.** Criminal Rule 12(b) provides:

**Pre–Trial Motions.** Any defense, objection, or request which is capable of determination

the basis of our decision in *Gray v. State,* 525 P.2d 524, 527 (Alaska 1974), we conclude that the state's contention must be rejected. There, we held that a constitutional challenge to the statute under which the defendant was indicted need not be raised before trial under either Criminal Rule 12 or 16. *See, Gray,* 525 P.2d at 527; *Crutchfield v. State,* 627 P.2d 196, 199 (Alaska 1980) (unconstitutionality of regulation or statute can be raised for the first time on appeal).

### B. Gudmundson and Knutson Have Not Forfeited or Waived Their Right to Post–Conviction Relief for an Alleged Violation of Due Process.

■ In *Gudmundson I,* 763 P.2d at 1361, the court of appeals concluded that "Gudmundson and Knutson moved to vacate their conviction on jurisdictional grounds, *i.e.,* that the statute under which they were convicted was void because it violated due process. Such a claim may be brought at any time because it involves a claim that the complaint 'does not charge a crime.'" We agree with the court of appeals that the due process claim asserted here is jurisdictional in character and in turn reject the state's contention that Gudmundson and Knutson forfeited or waived

the right to challenge their convictions on due process grounds.[4]

In addition to its forfeiture arguments based on Rules 12 and 16, the state contends that Gudmundson and Knutson waived or forfeited their claim for post-conviction relief because of their failure to raise the due process claim prior to or at trial. In this regard the state relies on *Marrone v. State,* 653 P.2d 672 (Alaska App.1982) and *Fajeriak v. State,* 520 P.2d 795, 803 (Alaska 1974). In *Marrone,* the court of appeals held that the right to relief based on an erroneous jury instruction was forfeited, even if the error was potentially of constitutional dimension, unless objected to at trial. 653 P.2d at 674–75. In *Fajeriak,* we held that the failure to object to the jury selection process at trial precludes the movant from raising this issue in an application for post-conviction relief. 520 P.2d at 803.

*Fajeriak,* citing *Merrill v. State,* 457 P.2d 231, 239 (Alaska 1969) *overruled on other grounds, Donnelly v. State,* 516 P.2d 396, 399 n. 6 (Alaska 1973), and *Shotwell Mfg. Co. v. United States,* 371 U.S. 341, 362–63, 83 S.Ct. 448, 461, 9 L.Ed.2d 357 (1963), refused to allow any post-conviction-objection to be raised concerning jury composition, if it was not raised at trial. 520 P.2d at 803 & n. 29. However, this court

---

without the trial of the general issue may be raised before trial by motion. Any or all of the following shall be raised prior to trial:

   (1) Defenses and objections based on defects in the institution of the prosecution;

   (2) Defenses and objections based on defects in the indictment or information (other than a failure to show jurisdiction in the court or to charge any offense, which objections shall be noticed by the court at any time during pendency of the proceeding);

   (3) Motions to suppress evidence on the ground that it was illegally obtained;

   (4) Requests for a severance of charges or defendants under Rule 14.

Criminal Rule 16(f)(3) provides:

*Pre–Trial Motions and Requests—Effect of Failure to Raise at Hearing.* All motions and other requests made prior to trial should ordinarily be reserved for and presented at the omnibus hearing unless the court otherwise directs. Subject to constitutional limitations failure to raise at the omnibus hearing any pre-trial error or issue, other than the failure of the indictment to show jurisdiction or to charge an offense, constitutes waiver of such

error or issue unless the party concerned does not then possess the information necessary to raise it.

**4.** The state does not refer us to any procedural rule which requires a claim that a statute is unconstitutional to be raised prior to or at trial. However, Criminal Rule 35.1(h) does contain a provision on the subject. In this regard Criminal Rule 35.1(h) provides in pertinent part:

   **Waiver of or Failure to Assert Claims.** All grounds for relief available to an applicant under this rule must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

refused post-conviction relief in *Merrill* because this was his second application for post-conviction relief, 457 P.2d at 233; this was not the case in *Fajeriak*, 520 P.2d at 797–98. In *Shotwell,* relief was denied because it was held that movant should have challenged the jury selection procedure, a nonjurisdictional defense, before trial pursuant to Federal Rule of Criminal Procedure 12(b). 371 U.S. at 362–63, 83 S.Ct. at 461. Alaska's Criminal Rule 12(b) is for these purposes identical to the federal rule. Therefore, *Fajeriak* stands for the proposition that Criminal Rule 35.1 relief should be denied when defendants fail to raise a Criminal Rule 12(b) defense at trial. As noted above, Gudmundson's and Knutson's void for vagueness/due process challenge is jurisdictional and is not subject to Criminal Rule 12(b). It therefore follows that neither *Fajeriak* nor *Merrill* require a holding that Gudmundson and Knutson have waived or forfeited their claim to Criminal Rule 35.1 post-conviction relief.[5]

## III. DOES THE WANTON WASTE STATUTE, IN CONJUNCTION WITH THE REGULATION CRIMINALIZING THE TRANSPORTATION OF ILLEGALLY KILLED GAME, CONSTITUTE A DENIAL OF DUE PROCESS REQUIRING THE REVERSAL OF GUDMUNDSON'S AND KNUTSON'S CONVICTIONS?

■ The heart of Gudmundson's and Knutson's substantive argument is that a regulatory scheme which punishes a person's subsequent action (5 AAC 92.140—prohibiting the possession and transportation of illegally taken game)[6] as well as a person's subsequent inaction (AS 16.30.010(a) prohibiting wanton waste)[7] violates due process. They argue that the statute and regulation in question fail to give adequate notice of what course of action one should take after having illegally killed a big game animal.[8] More particularly they argue that:

> The two game laws are defective because of their external contextual ambiguity. The statute requires hunters to salvage the meat of killed animals, *i.e.,* to carry the meat out of the field, even if the kill is the result of a good faith mistake. The regulation, however, prohibits the hunter from transporting, or merely possessing, that same meat. The possession or transport law is relevant, or "pertinent," to the salvage law, since the act of salvaging necessarily requires the hunter to both possess and transport the meat. The hunter has to choose between the two laws, but he is given no indication which law to select, i.e., which "inconsistent statutory directive should control," or "whether a particular implication should be inferred," e.g., the salvage duty is more important. Thus when the two laws are read in conjunction with each other, they are ambiguous. This ambiguity places the hunters in the constitutionally impermissible situation where they are potentially liable for up

---

**5.** We have considered the state's additional arguments in support of its waiver/forfeiture position and do not find them persuasive. *See also Mead v. State,* 489 P.2d 738, 739–40 (Alaska 1971).

**6.** 5 AAC 92.140 provides:

(a) No person may possess, transport, or place into the possession of another, any game or part of game that the person has taken in violation of AS 16 or a regulation adopted under AS 16.

(b) No person may possess or transport any game or part of game received from a person who took the items contrary to AS 16 or a regulation under it, if the person receiving the item knows, or has reasons to know, or should know that the item was taken in violation of AS 16 or a regulation under it.

(c) No person may possess or transport any game or part of game that the person knows were taken in violation of AS 16 or a regulation adopted under AS 16.

**7.** In regard to the offense of wanton waste of a big game animal, AS 16.30.010(a) provides:

It is a Class A misdemeanor for a person who kills a big game animal or a species of wild fowl to fail intentionally, knowingly, recklessly, or with criminal negligence to salvage for human consumption the edible meat of the animal or fowl.

**8.** Petitioners rely in part on *Crutchfield v. State,* 627 P.2d 196, 199 n. 8 (Alaska 1980) and *State v. Rice,* 626 P.2d 104, 106–09 (Alaska 1981).

to year in jail for either acting, or failing to act.[9]

Gudmundson and Knutson further argue that these *malum prohibitum* laws, when read together, fail to provide adequate notice, either of the prohibited conduct, or of the preferred response (i.e. whether the regulation or the statute takes precedence). Thus, they conclude that principles of basic fairness, strict construction, and leniency combine to mandate a holding that their due process rights were violated.[10]

Our review of the parties' respective arguments persuades us that Gudmundson's and Knutson's position is well taken. We agree with their basic premise that there are due process problems inherent in the application of the wanton waste statute and the illegal transportation regulation in the circumstance where game has been illegally taken.

After a big game animal has been illegally killed a hunter should not have to incriminate himself, nor subject himself to liability for further criminal acts. In the instant case, Gudmundson and Knutson were placed in such a situation as a consequence of the applicability of the wanton waste statute and the regulation prohibiting the possession or transportation of illegally killed big game.

As was noted above, the court of appeals concluded that the statute and the regulation "when read together, might create an unfairness in situations such as the instant case, unless the defendants are permitted to defend on the basis of reasonable mistake of law" and therefore remanded "for a new trial limited to the issue of whether Gudmundson and Knutson acted on a reasonable mistake of law." We agree with the court of appeals' recognition of the unfairness inherent in the circumstances of this case. Our disagreement lies with the mistake of law defense fashioned by the

court of appeals. Given the dilemma petitioners were placed in by the operation of the statute and the regulation, we hold that they were denied due process under Alaska's constitution.

REVERSED and REMANDED to the court of appeals to in turn remand the case to the district court with directions to vacate petitioners' convictions.

---

9. *Compare* Justice Roberts' dissenting opinion in *Korematsu v. United States,* 323 U.S. 214, 231, 65 S.Ct. 193, 203, 89 L.Ed. 194 (1944), where he wrote:

> [I]f a citizen was constrained by two laws, or two orders having the force of law, and obedience to one would violate the other, to punish him for the violation of either would deny him due process of law.... And I had sup-

posed that under these circumstances a conviction for violating one of the orders could not stand.

10. Article I, section 7 of the Alaska Constitution provides that "No person shall be deprived of life, liberty, or property without due process of law."