UNITED STATES of America, Appellee,

v.

Ronald Frank VAUGHAN, Appellant.

No. 92–3690.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 17, 1993.

Decided Jan. 7, 1994.

David Schoen, Fayetteville, AR, argued,
for appellant.

Deborah J. Groom, Fort Smith, AR, argued (J. Michael Fitzhugh and Deborah J. Groom, on the brief), for appellee.

Before FAGG, BOWMAN, and LOKEN,
Circuit Judges.

LOKEN, Circuit Judge.

After pleading guilty to two counts of money laundering, Ronald Frank Vaughan appeals his conviction, arguing that the indictment violated his plea agreement in a prior case. We conclude that this claim is foreclosed by Vaughan's guilty plea. Therefore, we affirm.

**I.**

In July 1991, Vaughan entered into a plea agreement pursuant to which he pleaded guilty to a marijuana conspiracy charge, and the government agreed that it would "bring no further narcotics charges" against Vaughan, either for the activities resulting in that indictment, or for "additional drug and narcotic activities" that he divulged while providing "full cooperation" to the government. The agreement also provided that statements Vaughan made while cooperating could be used against him only if he withdrew from or violated the plea agreement.

In February 1992, the government filed this indictment, charging Vaughan with sixteen counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B). Vaughan moved to dismiss the indictment, alleging that the government had breached the prior plea agreement because it "used information gained through [Vaughan's] disclosure along with documents seized in connection with investigation of [the prior case] to build a case to submit to the grand jury for this indictment." The government responded that it had only agreed not to bring further

*narcotics* charges, that it did not intend to use any of Vaughan's cooperating statements at trial, and that the money laundering indictment resulted from information it had gathered independently from its investigation of the marijuana case.

The district court[1] concluded that the indictment was not a breach of the plea agreement because "the money laundering charges are not within the scope of the [prior] plea agreement":

> It may be that the underlying unlawful activities are drug-related, but that is not what [Vaughan] is charged with. If the plea agreement had been intended to cover the pending charges, it would undoubtedly have referred to "further *criminal* charges" stemming from the alleged activities rather than just "narcotics" charges.

The court also refused to dismiss the indictment based on the government's alleged use of Vaughan's cooperating statements, noting that it would revisit this issue if warranted by the evidence at trial.

On the day before trial, Vaughan moved for a psychiatric examination, claiming that his mental and physical condition made him incompetent to stand trial. The district court conducted a hearing at which Vaughan testified[2] and his counsel advised that the only physician to recently examine Vaughan would not appear because his testimony "can't help me." The court denied the motion, concluding that it lacked a reasonable basis in fact. The next morning, with a jury waiting to start the trial, Vaughan pleaded guilty to two counts of the indictment. The court later sentenced Vaughan to sixty-five months in prison, three years supervised release, and a $5,000 fine. This appeal followed.

## II.

■ Vaughan argues that his guilty plea must be set aside because his mental condition prevented him from entering a knowing plea of guilty to the money laundering charges. We disagree. At the change-of-plea hearing, Vaughan's sworn statements were lucid, articulate, and inconsistent with his claim that he did not enter a knowing and intelligent plea. He denied that he was under the influence of "anything, medication or otherwise" that would make it difficult for him to understand why he was pleading guilty. He confirmed that he understood his agreement with the government, the charges against him, the potential penalties, and the rights he was waiving by pleading guilty. He denied that he had been promised anything other than what was in the plea agreement, or that any force or threats had induced him to plead guilty. Just the day before, the district court had observed Vaughan testify and had denied his tardy motion for a psychiatric examination. In these circumstances, the court did not err in concluding that Vaughan's guilty plea was knowing and intelligent. *See United States v. Dalman,* 994 F.2d 537, 538–39 (8th Cir. 1993).

Vaughan's principal argument on appeal is that the money laundering indictment violated his prior plea agreement, either because money laundering is a "further narcotics charge" for purposes of that agreement, or because the government used his cooperating statements in securing the later money laundering indictment. The threshold question is whether those contentions are barred by Vaughan's plea of guilty to two counts of money laundering.

■ A defendant's knowing and intelligent guilty plea forecloses "independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). The Supreme Court carved exceptions to this principle in *Blackledge v. Perry,* 417 U.S. 21, 30–31, 94 S.Ct. 2098, 2103–04, 40 L.Ed.2d 628 (1974) (claim of prosecutorial

---

1. The HONORABLE H. FRANKLIN WATERS, Chief Judge of the United States District Court for the Western District of Arkansas.

2. Vaughan testified that his dosage of anti-depressant medicine had recently been doubled and that he had lost considerable weight while in jail pending these charges. He also claimed: "my thought is interrupted. I can't—I don't think very clearly. My eyes are blurry; I don't have good vision, and in general just sick."

vindictiveness was not waived by a guilty plea because the claim "went to the very power of the State to bring the defendant into court"), and in *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975) (per curiam) (double jeopardy claim). Given these exceptions, we have frequently stated the general rule to be "that a valid guilty plea operates as a waiver of all non-jurisdictional defects or errors." *Camp v. United States*, 587 F.2d 397, 399 (8th Cir. 1978). Because jurisdiction is a protean concept, this formulation of the rule tends to raise more questions than it answers.

█ Vaughan argues that the government's breach of his prior plea agreement is a "jurisdictional" defect in the money laundering indictment. As a general proposition, we are inclined to agree. If the government promised not to bring the charges reflected in the money laundering indictment, breach of that promise would seem to be jurisdictional in the sense that it goes, like the prosecutorial vindictiveness in *Blackledge*, "to the very power of the State to bring the defendant into court." Moreover, because Vaughan's earlier plea of guilty to the marijuana offense was made in reliance upon the plea agreement, due process considerations require that the government's promises "must be fulfilled." *Mabry v. Johnson*, 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984), quoting *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).

However, Vaughan's argument fails to take into account the Supreme Court's limiting of the *Menna–Blackledge* doctrine in *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). In *Broce*, the Court explained that a guilty plea does foreclose a double jeopardy attack on a conviction unless, as in *Menna*, "on the face of the record the court had no power to enter the conviction or impose the sentence." *Id.* at 569, 575, 109 S.Ct. at 762, 765. Applying that limitation to this case, unless it is apparent "on the face of the record" that the money launder-

ing indictment was a breach of the prior plea agreement, Vaughan's subsequent guilty plea forecloses that claim. *See United States v. Cortez*, 973 F.2d 764, 766–67 (9th Cir.1992) (selective prosecution claim foreclosed by guilty plea because defendant could not establish claim from indictment and record at plea stage); *United States v. Makres*, 937 F.2d 1282, 1285–86 (7th Cir.1991) (double jeopardy claim foreclosed because it required an evidentiary hearing); *Taylor v. Whitley*, 933 F.2d 325, 327–28 (5th Cir.1991) (same), *cert. denied*, —— U.S. ——, 112 S.Ct. 1678, 118 L.Ed.2d 395 (1992); *United States v. Montilla*, 870 F.2d 549, 551–53 (9th Cir. 1989), *modified on other grounds*, 907 F.2d 115 (9th Cir.1990) (claim of outrageous government conduct foreclosed because not provable from record before district court).

In Vaughan's plea agreement, the government promised not to bring "further narcotics charges." The district court denied Vaughan's motion to dismiss the money laundering indictment on the ground that money laundering is not a "narcotics" offense. That is a correct interpretation of the plain meaning of the plea agreement. Conceivably, Vaughan could have challenged that interpretation with evidence that the intent of the plea agreement negotiators was to bar these money laundering charges. Similarly, he could have supported his claim that the government breached its promise not to use his cooperating statements against him with evidence that the government had indeed misused his statements. But Vaughan made no such evidentiary challenges. Instead, he pleaded guilty. Therefore, under *Broce*, these claims are now foreclosed.[3]

The judgment of the district court is affirmed.

---

**3.** With the district court's approval and the government's consent, Vaughan could have preserved his right to appeal the denial of his motion to dismiss the indictment by entering into a conditional plea under Fed.R.Crim.P. 11(a)(2).

The Advisory Committee notes to the 1983 amendment state that Rule 11(a)(2) "should not be interpreted as either broadening or narrowing the *Menna–Blackledge* doctrine or as establishing procedures for its application."