# UNITED STATES COURT OF APPEALS

UNPUBLISHED

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                            No. 00-4233

SAMUEL PETE TANNER,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-99-62-BO)

Submitted: November 16, 2000

Decided: January 9, 2001

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas B. Murphy, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Samuel Pete Tanner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (1994), and was sentenced to 100 months' imprisonment. Tanner's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states there are no meritorious grounds for appeal but raises an issue regarding the court's denial of Tanner's motion to dismiss his indictment. Although Tanner was informed of his right to file a supplemental brief, he has not done so.

The issue raised by counsel in the *Anders* brief is that the district court erred in failing to dismiss the indictment based on Tanner's lack of notice that his conduct was criminal. Tanner was arrested after police stopped his vehicle and found a thirty inch shotgun. Although he had a 1992 North Carolina conviction for assault with a deadly weapon, he had received an unconditional discharge from North Carolina. The discharge notice referenced a North Carolina statute prohibiting him from possessing a handgun or sawed-off shotgun, but permitting possession of a regular shotgun. Tanner argued that he relied to his detriment on what state authorities informed him about his ability to possess a regular shotgun under North Carolina law. The district court denied the motion. Tanner then entered a plea of guilty.

Tanner now asserts that the district court erred in failing to dismiss his indictment based on his lack of notice of the federal law. However, Tanner pled guilty to the indictment, and he has, thus, waived any non-jurisdictional challenge to the indictment. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In order to sustain a challenge to the court's jurisdiction, Tanner must establish that the indictment does not, by any reasonable construction, charge the offense for which he was convicted. *See Hayle v. United States*, 815 F.2d 879, 881-82 (2d Cir. 1987); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) (guilty plea forecloses attack on indictment unless, "on the face of the record," the court had no power to enter the conviction).

A review of the indictment shows that it clearly stated the elements of the offense for which Tanner was charged. Conceivably, Tanner

could have challenged his lack of notice at trial by raising an "entrapment by estoppel" defense, *see United States v. Howell*, 37 F.3d 1197, 1204 (7th Cir. 1994), or presented evidence of his reliance on his discharge notice. But Tanner made no such evidentiary showings. Instead, he pled guilty.* Thus, his claim is now foreclosed.

In accordance with the requirements of *Anders*, we have examined the entire record in this case, including the transcripts of the Fed. R. Crim. P. 11 colloquy and the sentencing hearing, and we find no meritorious issue for appeal. Accordingly, we affirm Tanner's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition to the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*In addition, with the district court's approval and the Government's consent, Tanner could have preserved his right to appeal the denial of his motion to dismiss the indictment by entering a conditional guilty plea. *See United States v. Vaughan*, 13 F.3d 1186, 1188 n.3 (8th Cir. 1994).