# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3912

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Aaron Schwinn, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 20, 2008
Filed: March 25, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Aaron Schwinn pleaded guilty to conspiring to distribute 500 grams to one kilogram of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, and conspiring to distribute 150 pounds of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. The district court[1] sentenced him to 40 months in prison and three years of supervised release. Schwinn appeals, challenging the denial of his motion to withdraw his guilty plea and the denial of his motion to dismiss the indictment, and arguing that he was thereby denied due process. We affirm.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Following careful review, we conclude the district court did not abuse its discretion by refusing to allow Schwinn to withdraw his plea. See United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996) (standard of review; court may grant motion to withdraw guilty plea if defendant files such motion before sentencing and establishes "fair and just reason" for withdrawing plea). The plea transcript shows that Schwinn expressed satisfaction with his counsel and did not feel coerced, and that he understood the nature of the charges against him, the possible penalties, and the rights he was forfeiting, notwithstanding the findings reported in a psychiatric evaluation submitted in support of Schwinn's motion to withdraw. See United States v. Bahena, 223 F.3d 797, 806-07 (8th Cir. 2000). In addition, Schwinn's challenges to the indictment were foreclosed by his guilty plea, see United States v. Vaughan, 13 F.3d 1186, 1187 (8th Cir. 1994), and we find no due process violation.

Finally, to the extent Schwinn wishes to challenge his counsel's effectiveness, he must do so in a 28 U.S.C. § 2255 proceeding where the record may be adequately developed. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998).

The judgment of the district court is affirmed.

_____