# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1265

_____

United States of America

*Plaintiff - Appellee*

v.

Daniel C. Muratella

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 17, 2016
Filed: December 13, 2016

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Daniel C. Muratella appeals the decision of the district court[1] overruling his objection to the Government's filing of an information pursuant to 21 U.S.C. § 851,

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

arguing that this filing constituted vindictive prosecution. Because we conclude that this claim is foreclosed by Muratella's unconditional guilty plea, we affirm.

I.

In November 2014, a grand jury returned an indictment charging Muratella with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). On April 20, 2015, the Government e-mailed Muratella's attorney a proposed plea agreement without mentioning the filing of a 21 U.S.C. § 851 information. The following morning, the Government sent another e-mail stating that it had overlooked the fact that, due to a policy change, the Government had to assess whether to file a § 851 information regardless of whether Muratella would plead guilty or go to trial. The Government stated that it likely would have to file the § 851 information alleging that Muratella had a prior felony drug conviction. If the § 851 information were filed and if Muratella was found to have such a prior conviction, the statutory mandatory minimum sentence would increase from ten years to twenty years. 21 U.S.C. § 841(b)(1)(A). Thus, the Government suggested a new plea agreement in which the parties would agree to a sentence of 240 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Muratella refused to accept this agreement. In the months that followed, the parties had numerous plea discussions, but they could not reach an agreement. Thus, a jury trial was scheduled for September 28, 2015. On September 15, the Government sent an e-mail to Muratella's attorney, inquiring whether Muratella changed his position on a plea agreement and advising that, if not, the Government would file the § 851 information and prepare for trial.

On September 16, Muratella filed a motion for a change of plea hearing as well as a petition to enter a plea without an agreement. The change of plea hearing was set for September 18. On September 17, the Government filed the § 851 information.

-2-

At the change of plea hearing on September 18, the district court informed Muratella that, because the Government had filed the § 851 information, Muratella faced a mandatory minimum sentence of twenty years. Muratella said that he understood. He then entered an unconditional guilty plea.[2]

Prior to sentencing, Muratella objected to the filing of the § 851 information on the grounds that his prior conviction was too old to qualify and that the filing was done in violation of Department of Justice policy. At the sentencing hearing, the district court raised the additional issue of whether the Government had filed the § 851 information based on a vindictive motive. The Government contended that Muratella's guilty plea operated as a waiver of this claim. In addition, the Government presented the plea negotiation e-mails and argued that it had not acted with a vindictive motive. After reviewing this evidence, the district court found that the Government had made its intentions to file the § 851 information known as early as April 2015. Thus, the court ruled that no vindictive prosecution occurred, and it overruled Muratella's objection. The court did not rule on whether Muratella's guilty plea waived his claim of vindictive prosecution. The court sentenced Muratella to the statutory minimum sentence of twenty years, and this appeal followed.

II.

On appeal, Muratella argues only that the Government violated his due process rights by engaging in a vindictive prosecution. "Vindictive prosecution occurs when a prosecutor seeks to punish a defendant solely for exercising a valid legal right. Such prosecution constitutes a violation of due process." *United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015) (internal citation omitted). Muratella claims that the Government filed the § 851 information solely in order to punish him for

---

[2]Muratella did not request to enter a conditional plea. *See* Fed. R. Crim. P. 11(a)(2).

exercising his legal right to plead guilty. However, because Muratella pleaded guilty to the underlying offense after the Government filed the § 851 information, the "threshold question" is whether his guilty plea waives his vindictive prosecution claim. *See United States v. Vaughan*, 13 F.3d 1186, 1187 (8th Cir. 1994). We review *de novo* this question of law. *United States v. Soriano-Hernandez*, 310 F.3d 1099, 1103 (8th Cir. 2002).

Generally, "[a] defendant's knowing and intelligent guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Vaughan*, 13 F.3d at 1187 (citation and quotation marks omitted). In *Blackledge v. Perry*, the Supreme Court created an exception to this general rule and held that a defendant's "guilty plea did not foreclose him from attacking his conviction" where the government responded to the defendant's "invocation of his statutory right to appeal by bringing a more serious charge against him." 417 U.S. 21, 29, 31 (1974). However, this exception does not extend to all claims of vindictive prosecution.

Indeed, following *Blackledge* and similar cases, we have restated the waiver rule to be "that a valid guilty plea operates as a waiver of all non-jurisdictional defects or errors." *Vaughan*, 13 F.3d at 1188 (quoting *Camp v. United States*, 587 F.2d 397, 399 (8th Cir. 1978)); *see also Weisberg v. Minnesota*, 29 F.3d 1271, 1279 (8th Cir. 1994) ("We have often interpreted these Supreme Court cases to foreclose claims that raise 'nonjurisdictional' issues and to permit only claims that question the trial court's 'jurisdiction.'"). As we have previously recognized, the prosecutorial vindictiveness in *Blackledge* was "jurisdictional" because it "went to the very power of the State to bring the defendant into court." *Vaughan*, 13 F.3d at 1188 (quoting *Blackledge*, 417 U.S. at 30). Here, in contrast, the right that Muratella asserts is not "the right not to be haled into court at all upon [an additional] charge." *See Blackledge*, 417 U.S. at 30. The Government did not bring additional charges against Muratella to hale him into court. Rather, it simply filed an § 851 information, which

resulted in an increased sentence for the charge he was already facing in court. Thus, the filing of the § 851 information, even if it were done with a vindictive motive, does not constitute a jurisdictional defect or error.

Consequently, so long as Muratella's guilty plea was "knowing and intelligent," it waived his vindictive prosecution claim. *Vaughan*, 13 F.3d at 1187. We review *de novo* this mixed question of law and fact. *United States v. Green*, 521 F.3d 929, 931 (8th Cir. 2008). Muratella argues that he could not have "had an opportunity to know and defend against all charges brought against him" because the Government did not file the § 851 information until the day before he was scheduled to plead. We disagree. At the plea hearing, Muratella indicated that he understood that the Government had filed the § 851 information and the effect this information would have on his sentence. Given these circumstances, we conclude that Muratella's guilty plea was knowing and intelligent. *See Vaughan*, 13 F.3d at 1187. Because Muratella knowingly and intelligently entered an unconditional guilty plea, his vindictive prosecution claim has been waived.

III.

For the foregoing reasons, the decision of the district court is affirmed.

_____