# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3605

_____

United States of America

*Plaintiff - Appellee*

v.

Cedric Easter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: May 30,2017
Filed: June 2, 2017
[Unpublished]

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Cedric Easter pleaded guilty, pursuant to a written plea agreement, to conspiring to distribute methamphetamine, and now appeals the district court's[1]

_____

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

sentence of 240 months in prison. Easter's counsel moved to withdraw and submitted a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the evidence at sentencing was insufficient to support the sentence; the district court erred in relying on inconsistent testimony and unsubstantiated facts; and the sentence is substantively unreasonable. Easter filed a *pro se* supplemental brief, arguing that the district court lacked jurisdiction to accept his plea and impose sentence because the sentencing penalty provision, 21 U.S.C. § 841(b)(1)(C), is ambiguous.

The issue raised in Easter's *pro se* brief was not raised in the district court and is foreclosed by his guilty plea. A guilty plea forecloses all claims, even those labeled "jurisdictional," except claims that, "on the face of the record the court had no power to enter the conviction or impose the sentence." United States v. Vaughan, 13 F.3d 1186, 1188 (8th Cir. 1994) (quotation omitted). Here, the district court obviously had power to accept the guilty plea and enter the conviction. Any challenge to application of the federal sentencing statutes then had to be raised at sentencing.

We conclude that the appeal waiver is enforceable, because our review of the record demonstrates that Easter entered into the plea agreement and the appeal waiver knowingly and voluntarily, see Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997); the argument falls within the scope of the waiver; and no miscarriage of justice would result from enforcing the waiver, see United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc). Furthermore, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the waiver.

Accordingly, we grant counsel's motion, and we dismiss this appeal.

_____