# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2725
_____

United States of America

*Plaintiff - Appellant*

v.

James Spiotto

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: June 11, 2018
Filed: June 11, 2018
[Unpublished]

_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

James Spiotto directly appeals after pleading guilty in the district court[1] to child pornography charges. His counsel has moved to withdraw and submitted a brief

_____

[1] The Honorable P.K. Holmes, III, Chief Judge, United States District Court for the Western District of Arkansas.

under Anders v. California, 386 U.S. 738 (1967), discussing the reasonableness of the sentence. Spiotto has also filed a pro se supplemental brief, in which he argues that the Guidelines range was improperly enhanced; the indictment was insufficient, and counsel was ineffective for not challenging it; and the district court failed to consider, or ask the defense to present, mitigating evidence.

As to counsel's argument, we conclude that the district court did not abuse its discretion in sentencing Spiotto, as it properly considered the 18 U.S.C. § 3553(a) factors; there was no indication that it overlooked a relevant factor, or committed a clear error of judgment in weighing relevant factors, see United States v. David, 682 F.3d 1074, 1077 (8th Cir. 2012) (standard of review); United States v. Wohlman, 651 F.3d 878, 887 (8th Cir. 2011); and the sentence was within the Guidelines range, see United States v. Callaway, 762 F.3d 754, 760 (8th Cir. 2014).

As to Spiotto's pro se arguments, we conclude that the district court properly applied enhancements based on information in the plea agreement and unobjected-to facts presented in the presentence report, see United States v. Menteer, 408 F.3d 445, 446 (8th Cir. 2005) (per curiam); that, by entering an unconditional guilty plea, Spiotto waived any challenge to the sufficiency or validity of the indictment, see United States v. Muratella, 843 F.3d 780, 783 (8th Cir. 2016), cert. denied, 137 S. Ct. 1605 (2017); and that the district court considered mitigating factors.

We decline to consider any ineffective-assistance claims Spiotto is attempting to raise on direct appeal, as they would be better litigated in a 28 U.S.C. § 2255 proceeding. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006). Furthermore, we have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and affirm.

_____