# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1702

_____

United States of America

*Plaintiff - Appellee*

v.

Patrick Roger Brigaudin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: December 3, 2018
Filed: December 11, 2018
[Unpublished]

_____

Before BENTON, BOWMAN, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Patrick Roger Brigaudin appeals after he pled guilty to conspiring to distribute methamphetamine and launder money. The district court[1] sentenced him to 360 months. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

Counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), acknowledging an appeal waiver in Brigaudin's plea agreement. Brigaudin has filed a pro se brief challenging the enforceability of the appeal waiver and the voluntariness of his guilty plea, raising a speedy-trial claim, and challenging the assessment of a leadership-role enhancement at sentencing.

Upon careful review, this court declines to enforce the appeal waiver. *See United States v. Boneshirt*, 662 F.3d 509, 515-16 (8th Cir. 2011). This court concludes that Brigaudin's assertion that his guilty plea was involuntary is not cognizable on direct appeal because he did not move in the district court to withdraw his guilty plea, and the speedy-trial claim is foreclosed by the guilty plea. *See United States v. Foy*, 617 F.3d 1029, 1033-34 (8th Cir. 2010); *United States v. Muratella*, 843 F.3d 780, 783 (8th Cir. 2016), *cert. denied*, 137 S. Ct. 1605 (2017).

The leadership-role enhancement was not clearly erroneous, as the undisputed evidence supported an inference that Brigaudin was at the center of the conspiracy. *See United States v. Garcia*, 512 F.3d 1004, 1005 (8th Cir. 2008). To the extent Brigaudin is attempting to raise an ineffective-assistance claim that requires development of matters outside the record, this court declines to address the claim in this direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006). The court has independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and finds no nonfrivolous issues for appeal.

The judgment is affirmed. Counsel's motion to withdraw is granted.

_____