# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-2375

———————————————

United States of America

*Plaintiff - Appellee*

v.

James Marvin Reed

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota - St. Paul

——————————

Submitted: May 7, 2019
Filed: May 10, 2019
[Unpublished]

——————————

Before COLLOTON, WOLLMAN, and KELLY, Circuit Judges.

——————————

PER CURIAM.

James Marvin Reed directly appeals after he pleaded guilty to engaging in illicit sexual conduct in a foreign place, and the district court[1] imposed a sentence consistent

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

with his binding Federal Rule of Criminal Procedure 11(c)(1)(C) agreement. Counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging a partial appeal waiver in the plea agreement, but asserting that the sentence was substantively unreasonable. Reed has filed a pro se brief challenging the voluntariness of his plea; and raising speedy trial, venue, prosecutorial misconduct, and jurisdictional claims.

We reject Reed's claims that his plea was involuntary. Although Reed argues that his prescribed medications caused him to be cognitively impaired at his plea hearing, the record shows that he assured the district court on several occasions that, despite his medications, he was not impaired; and he followed and responded appropriately throughout a detailed plea colloquy. Additionally, he acknowledged during the plea hearing that he was giving up his right to a jury trial, that his plea was voluntary, and that he was satisfied with counsel. See Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity); United States v. Dalman, 994 F.2d 537, 538–39 (8th Cir. 1993) (rejecting "after-the-fact" claim that defendant's heart medication rendered him incapable of knowingly and intelligently entering his guilty plea, as there was no evidence in the record to show he was not in possession of his faculties). Further, although Reed challenges the factual basis for his guilty plea, he stipulated to facts necessary to convict him under the statute charged. See United States v. Frook, 616 F.3d 773, 775–76 (8th Cir. 2010) (error in determining factual basis exists for plea implicates knowing and voluntary nature of a plea; district court may consider stipulated facts in plea agreement in determining there is a factual basis for a plea).

As the guilty plea is valid, counsel's challenge to the sentence is barred because it falls within the scope of the partial appeal waiver, no miscarriage of justice would result from enforcing the waiver, and Reed received the sentence he requested. See United States v. Andis, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and

voluntarily entered into waiver and plea agreement, and enforcing waiver would not result in miscarriage of justice); see also United States v. Kling, 516 F.3d 702, 704 (8th Cir. 2008) (defendant who is sentenced within the range agreed upon in plea agreement is merely receiving what he bargained for and may not challenge sentence on appeal). Any challenges Reed makes to his sentence are also barred.

The court also concludes that Reed's speedy trial, venue, prosecutorial misconduct, and jurisdictional claims—while outside the scope of the appeal waiver—are foreclosed by the guilty plea. See United States v. Muratella, 843 F.3d 780, 783 (8th Cir. 2016) (a valid guilty plea generally forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea), cert. denied, 137 S. Ct. 1605 (2017). To the extent Reed has raised an ineffective-assistance-of-counsel claim, we decline to address it in this direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826–27 (8th Cir. 2006) (ineffective-assistance claims are best litigated in collateral proceedings, where record can be properly developed).

The court has reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and has found no non-frivolous issues. Accordingly, we enforce the appeal waiver as to the sentencing challenges, and we affirm the judgment in all other respects. We also grant counsel's request to withdraw, and deny Reed's motion to appoint appellate counsel.

_____