# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2259

_____

United States of America

*Plaintiff - Appellee*

v.

Ronald Allen Downey

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: October 31, 2019
Filed: November 5, 2019
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Ronald Downey pleaded guilty to attempting to evade taxes, in violation of 26 U.S.C. § 7201, and the district court[1] sentenced him in accordance with the Federal

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

Rule of Criminal Procedure 11(c)(1)(C) plea agreement to time served, to be followed by three years of supervised release, and ordered Downey to pay restitution of $94,688. On appeal, Downey's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), asserting issues involving whether Downey's guilty plea was knowing and voluntary, whether the district court had jurisdiction, whether the government engaged in misconduct, and whether any of Downey's attorneys were ineffective. In a pro se supplemental brief, Downey additionally asserts his innocence and questions the existence and applicability of the federal tax laws at issue.

Following careful review, we first conclude that the record shows Downey confirmed that he read the plea agreement and reviewed it with counsel, that he understood the provisions of the plea agreement, including a provision containing a limited waiver of his appellate rights, and that no promises or threats were made to force him to plead guilty. Because the plea colloquy establishes that Downey entered his guilty plea knowingly and voluntarily, and that no miscarriage of justice would result if we enforce the appeal waiver, we dismiss Downey's claims related to the district court's jurisdiction, the tax laws, and his innocence, see United States v. Andis, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc), which are, in any event, generally foreclosed by his valid guilty plea, see United States v. Muratella, 843 F.3d 780, 783 (8th Cir. 2016).

We reject on the merits Downey's argument involving alleged prosecutorial misconduct, because his assertions amount to a version of his position that he is innocent, and are contradicted by his plea admissions. See generally Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (noting that defendant's representations during plea-taking carry strong presumption of verity). We also decline to address any claims involving ineffective assistance because such claims are best raised in a 28 U.S.C. § 2255 proceeding. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006).

Finally, after independently reviewing the record pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal.  The judgment of the district court is affirmed, and counsel's motion to withdraw is granted.

_____