# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1583

_____

United States of America

*Plaintiff - Appellee*

v.

Bryan Lee Gregory

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: December 13, 2019
Filed: December 26, 2019
[Unpublished]

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Bryan Gregory appeals after he pled guilty to a firearm offense; and the district court[1] sentenced him to the statutory-maximum prison term. Gregory has been

_____

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

granted leave to proceed pro se, and has filed briefs arguing his counsel was ineffective; his plea was involuntary; and the district court erred in denying his motions to withdraw his plea and to suppress evidence, and in imposing two United States Sentencing Guidelines Manual ("Guidelines") enhancements and special conditions of supervised release. He also moves to supplement the record with evidence related to the suppression issue.

Initially, we note Gregory's plea agreement contained an appeal waiver. Assuming the appeal waiver does not bar this appeal, this court addresses Gregory's arguments, except that we decline to consider Gregory's ineffective-assistance claim on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (holding ineffective-assistance claims are best litigated in collateral proceedings).

We conclude the plea colloquy shows Gregory knowingly and voluntarily entered his guilty plea, and the district court did not abuse its discretion in denying his motions to withdraw his guilty plea. *See United States v. Green*, 521 F.3d 929, 931 (8th Cir. 2008) (considering whether defendant established "fair and just" reason to withdraw plea after Fed. R. Crim. P. 11 colloquy; reviewing for abuse of discretion decision to deny motion to withdraw plea; and reviewing de novo whether plea was knowing and voluntary). Furthermore, Gregory's challenge to the denial of his suppression motion is foreclosed by his valid guilty plea, *see United States v. Muratella*, 843 F.3d 780, 783 (8th Cir. 2016) (holding a valid guilty plea generally "forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); and his motion to supplement the record is therefore moot.

We also conclude the district court did not plainly err in applying an enhancement under U.S.S.G. § 3C1.2, given that Gregory agreed to that enhancement in the plea agreement. *See United States v. Barrett*, 173 F.3d 682, 684 (8th Cir. 1999)

("A defendant may not challenge an application of the Guidelines to which he agreed in a plea agreement (unless he proves the agreement invalid or succeeds in withdrawing from it)."); *see also United States v. Kirlin*, 859 F.3d 539, 543 (8th Cir. 2017) (stating this court reviews district court's application of Guidelines de novo, and its findings of fact for clear error; if defendant fails to timely object, review is for plain error). We further conclude the district court did not err in applying an enhancement based on Gregory's conduct during an incident that was part of the offense charged in the indictment, and during which, he stipulated, he had possessed the firearm. *See* U.S.S.G. § 3A1.2(c)(1) (permitting 6-level enhancement if defendant, during course of offense or immediate flight therefrom and in manner creating substantial risk of serious bodily injury, assaulted law enforcement officer).

Finally, we conclude the district court did not abuse its discretion in imposing the challenged special conditions of supervised release. *See United States v. Godfrey*, 863 F.3d 1088, 1101 (8th Cir. 2017) (reviewing special conditions of supervised release for abuse of discretion); *United States v. Wiedower*, 634 F.3d 490, 493 (8th Cir. 2011) (noting sentencing court has broad discretion when imposing release conditions; when crafting special condition, court must make individualized inquiry into facts and circumstances underlying case and make sufficient findings on record so as to ensure condition satisfies statutory requirements; purposes in 18 U.S.C. § 3553(a) include protection of public).

Accordingly, we deny Gregory's motion to supplement the record, and we affirm.

_____