NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

MATTHEW FOY,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-13454
Trial Court No. 2NO-18-00072 CI

O P I N I O N

No. 2728 — July 29, 2022

Appeal from the Superior Court, Second Judicial District, Nome, Romano D. DiBenedetto, Judge.

Appearances: Megan R. Webb, Assistant Public Defender, and Samantha Cherot, Public Defender, Anchorage, for the Appellant. Elizabeth T. Burke, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge ALLARD.

In 2016, the State charged Matthew Foy with two counts of first-degree assault and two counts of third-degree assault for conduct against two women that

occurred in 2012 and 2014.[1]  Foy later pleaded guilty, pursuant to a plea agreement, to a single count of third-degree assault, receiving 2 years to serve.  In exchange for his plea, the State dismissed the two first-degree assault charges and the other third-degree assault charge.

After Foy was sentenced on his guilty plea, Foy filed an application for post-conviction relief, alleging for the first time that he was the victim of vindictive prosecution.  According to Foy, the prosecuting attorney brought the assault charges in retaliation for Foy filing a bar complaint against the attorney in a different case.  (Foy also alleged that the prosecutor was punishing him for having asserted his speedy trial rights in the other case.)  Foy provided no explanation for why this claim was only now being raised after his guilty plea.  Foy did not argue that his attorney was ineffective for failing to raise this issue nor did he seek to withdraw from his plea.

The State moved to dismiss Foy's claim on two grounds:  that it was untimely and that Foy had failed to state a prima facie case for relief.  The superior court dismissed the application for failure to state a prima facie case and did not directly rule on the timeliness issue.

On appeal, the State asks us to affirm on the grounds that Foy's application was untimely; the State also argues that the superior court correctly ruled that Foy failed to state a prima facie case.  We agree with the State that Foy's application was properly dismissed. Because resolution of the timeliness issue requires us to partially correct dicta in an unpublished concurrence, we address the timeliness issue in detail here.

---

[1]    AS 11.41.200(a)(1) and AS 11.41.220(a)(1)(A), respectively.

*Why we uphold the dismissal of Foy's application for post-conviction relief on timeliness grounds*

The State argues that Foy's prosecutorial vindictiveness claim is untimely because Foy did not raise the claim prior to the entry of his guilty plea.

A claim of prosecutorial vindictiveness is an objection based on a defect in the prosecution.[2] Under Alaska Criminal Rule 12(b)(1), "[d]efenses and objections based on defects in the institution of the prosecution" must be raised before trial. Likewise, under Criminal Rule 12(b)(2), "[d]efenses and objections based on defects in the indictment or information" must be raised before trial — unless the objection alleges "a failure to show jurisdiction in the court or to charge an offense," which are claims that can be raised "at any time."[3]

Under Criminal Rule 12(e), the "[f]ailure by the defendant to raise defenses or objections . . . which must be made prior to trial . . . shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver." In other words, under Criminal Rule 12, a defendant who fails to timely bring a prosecutorial vindictiveness claim prior to trial waives that claim unless the defendant can show "good cause" for why it was not brought earlier.[4] In addition, it is well established that "a defendant who

---

[2] *Cf.* Fed. R. Crim. P. 12(b)(3)(A)(iv) (identifying selective or vindictive prosecution as a defect in instituting the prosecution and requiring defenses and objections based on such defects to be raised before trial).

[3] *See, e.g.*, *Gudmundson v. State*, 822 P.2d 1328, 1331 (Alaska 1991) (holding that constitutional challenge to statute as violating due process could be brought for first time in post-conviction relief application because "it involves a claim that the complaint 'does not charge a crime'").

[4] *See, e.g.*, *United States v. Bowline*, 917 F.3d 1227, 1229 (10th Cir. 2019) ("We hold that we cannot review an untimely motion claiming vindictive prosecution absent a showing of good cause."); *United States v. Scrushy*, 721 F.3d 1288, 1305-06 (11th Cir. 2013) ("If the

(continued...)

pleads guilty or no contest waives all non-jurisdictional defects," unless the parties have agreed to a *Cooksey* plea that allows the defendant to appeal a dispositive ruling by the trial court.[5]

In the present case, Foy's plea agreement was not a *Cooksey* plea. Additionally, he has not alleged — either in the post-conviction relief proceeding or on appeal — that there was "good cause" for his failure to timely raise his prosecutorial vindictiveness claim prior to his guilty plea. Instead, Foy argues that his prosecutorial vindictiveness claim qualifies as a "jurisdictional" claim for which the timeliness requirements of Criminal Rule 12 do not apply.

But Foy's only support for his claim that prosecutorial vindictiveness is "jurisdictional" is his citation to a concurrence in a 2000 unpublished memorandum

---

[4]   (...continued)
defendant fails to raise the [selective prosecution] defense before trial, he waives the defense. Waiver may be excused, though, if the defendant shows cause for his delay in presenting the defense." (internal citations omitted)); *United States v. Choi*, 818 F. Supp. 2d 79, 89-90 (D.D.C. 2011) (trial court was prohibited from considering a motion to dismiss for vindictive prosecution that was not filed prior to trial where no "good cause" existed); *see also United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010) (holding that "good cause" is a flexible standard that is "heavily dependent on the facts of the particular case," but, at minimum, it requires the moving party to articulate some legitimate explanation for the failure to timely file); *cf. State v. Branham*, 501 S.W.3d 577, 590 (Tenn. Crim. App. 2016) (holding that defendant waived claim of vindictive prosecution by failing to raise it before trial).

[5]   *Chandler v. State*, 487 P.3d 616, 621 (Alaska App. 2021); *see also Cooksey v. State*, 524 P.2d 1251, 1255-56 (Alaska 1974) (holding that parties can agree that defendant will plead no contest on condition that defendant be allowed to pursue an issue on appeal, as long as the issue was litigated in the trial court and its resolution is dispositive to the case).

opinion by this Court, *Stough v. State*.[6]  And, as we explain, this reliance on dicta from an unpublished concurrence is misplaced.

In *Stough*, the defendant timely raised and litigated a motion to dismiss his indictment.  The defendant subsequently pleaded no contest pursuant to a plea agreement.  After unsuccessfully moving to withdraw his plea, the defendant filed an appeal challenging, *inter alia*, the trial court's ruling on his motion to dismiss indictment.[7]  This Court refused to review the trial court's ruling on the ground that a "no contest plea waives all non-jurisdictional defects in the trial court unless the defendant enters a *Cooksey* plea."[8]

Judge Mannheimer filed a separate concurrence in which he addressed what types of claims may qualify as "jurisdictional" for purposes of surviving a guilty or no contest plea.  The concurrence cited to Professor Charles Wright's seminal treatise on federal procedure, which recognizes the following claims as surviving a guilty plea: (1) contentions that the indictment or information fails to state an offense; (2) contentions that the statute under which the defendant was charged is unconstitutional; and (3) contentions that the prosecution is barred by double jeopardy but only "if [this] defect appears on the face of the indictment."[9]  The concurrence then stated that "[t]o this list must be added the claims that the defendant was the victim of prosecutorial

---

[6]  *Stough v. State*, 2000 WL 1124506, at *5-9 (Alaska App. Aug. 9, 2000) (unpublished) (Mannheimer, J., concurring).

[7]  *Id.* at *1-2 (majority opinion).

[8]  *Id.* at *4 (citing *Cooksey*, 524 P.2d at 1255).

[9]  *Id.* at *7 (Mannheimer, J., concurring) (alteration in original) (citing 1A Charles Alan Wright, *Federal Prac. and Proc.:  Criminal* § 175, at 226-29 (3rd ed. 1999)).

vindictiveness or that the defendant was unlawfully deprived of counsel."[10]  In support of the assertion that prosecutorial vindictiveness claims are "jurisdictional" claims that survive a guilty plea, the concurrence cited to a 1974 decision by the United States Supreme Court, *Blackledge v. Perry*.[11]  But *Blackledge* does not support the broad proposition that *all* prosecutorial vindictiveness claims survive a guilty plea.[12]

The prosecutorial vindictiveness claim at issue in *Blackledge* was unusual because the vindictiveness was apparent on the face of the record at the time the trial court accepted the defendant's guilty plea.  *Blackledge* involved a defendant who was originally charged with misdemeanor assault with a deadly weapon.[13]  Blackledge was convicted of the charge and later successfully appealed and obtained a trial *de novo*.[14]  After Blackledge won his appeal, the State indicted him on *felony* assault with a deadly weapon.  Blackledge pleaded guilty to the higher charge and filed a petition for a writ of habeas corpus alleging prosecutorial vindictiveness.[15]  The State argued that Blackledge had waived his claim by pleading guilty.  The United States Supreme Court disagreed and held that the defendant's claim of apparent prosecutorial vindictiveness was not

---

[10]  *Id.* (internal citations omitted).

[11]  *Blackledge v. Perry*, 417 U.S. 21, 30 (1974).  The concurrence also cited to *Haring v. Prosise*, 462 U.S. 306, 320 (1983), which includes a discussion of *Blackledge* but adds nothing to its analysis.

[12]  *See United States v. De Vaughn*, 694 F.3d 1141, 1147-52 (10th Cir. 2012) (noting that *Blackledge* does not "speak[] in terms of jurisdiction" and instead "merely carved out [an] exception[] for [a] type[] of constitutional claim[]").

[13]  *Blackledge*, 417 U.S. at 22.

[14]  *Id.* at 22-23.

[15]  *Id.* at 23.

extinguished by his guilty plea because it "went to the very power of the State to bring the defendant into court to answer the charge brought against him."[16]

Subsequent United States Supreme Court case law has made clear that the holding in *Blackledge* is limited to its facts — *i.e.*, limited to claims of prosecutorial vindictiveness that are apparent on the face of the record at the time the defendant enters their plea. In the 1989 decision *United States v. Broce*, the Court emphasized that the defendant in *Blackledge* did not seek "further proceedings at which to expand the record with new evidence."[17] And the Court explained that Blackledge was entitled to relief because "the determination that the second indictment could not go forward should have been made by the presiding judge at the time the plea was entered on the basis of the existing record."[18] Later federal case law has emphasized this limitation of the *Blackledge* holding.[19]

---

[16] *Id.* at 30 ("Having chosen originally to proceed on the misdemeanor charge in the District Court, the State of North Carolina was, under the facts of this case, simply precluded by the Due Process Clause from calling upon the respondent to answer to the more serious charge in the Superior Court.").

[17] *United States v. Broce*, 488 U.S. 563, 575 (1989).

[18] *Id.*

[19] *See, e.g.*, *Class v. United States*, 138 S. Ct. 798, 804 (2018) (emphasizing that *Blackledge* is limited to prosecutorial vindictiveness claims that were apparent on the face of the existing record at the time the plea was accepted); *United States v. Muratella*, 843 F.3d 780, 783 (8th Cir. 2016) (distinguishing *Blackledge* and holding that guilty plea waived prosecutorial vindictiveness claim); *United States v. Montilla*, 870 F.2d 549, 552-53 (9th Cir. 1989) (distinguishing *Blackledge* and holding that guilty plea waived government misconduct claim because, although the record at the time of the plea contained allegations of unconstitutional behavior, establishing their truth required further proceedings), *amended on other grounds by* 907 F.2d 115 (9th Cir. 1990).

Subsequent federal case law has also cast significant doubt on the concurrence's use of the word "jurisdictional" to describe prosecutorial vindictiveness claims — at least for purposes of federal law.[20] In 2002, two years after the unpublished concurrence in *Stough*, the United States Supreme Court issued *Cotton v. United States*, which definitively rejected its previous "elastic" definitions of jurisdiction, and clarified that "jurisdiction" refers narrowly to "the courts' statutory or constitutional *power* to adjudicate the case" — *i.e.*, the court's subject matter jurisdiction.[21] Thus, under federal law, prosecutorial vindictiveness claims cannot be considered "jurisdictional" because they do not directly implicate a court's subject matter jurisdiction. The federal courts are also seemingly uniform in treating guilty pleas as extinguishing prosecutorial vindictiveness claims, except in very narrow circumstances.[22]

---

[20] We express no opinion as to whether state law may be different as that issue has not been briefed to us and the only authority Foy cites — the unpublished concurrence in *Stough* — explicitly relies only on federal law.

[21] *United States v. Cotton*, 535 U.S. 625, 629-30 (2002) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)).

[22] *See, e.g.*, *Class*, 138 S. Ct. at 805 ("A valid guilty plea also renders irrelevant — and thereby prevents the defendant from appealing — the constitutionality of case-related government conduct that takes place before the plea is entered."); *United States v. Hott*, 866 F.3d 618, 620-21 (5th Cir. 2017) (holding that defendant waived claim of prosecutorial vindictiveness by entering an unconditional guilty plea); *Muratella*, 843 F.3d at 783 (holding that guilty plea waived prosecutorial vindictiveness claim); *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (explaining that a guilty plea "waives claims of governmental misconduct during the investigation and improper motives for prosecution"); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that a defendant may not raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea); *cf. Adamson v. Ricketts*, 865 F.2d 1011, 1019-20 (9th Cir. 1988) (defendant entitled to evidentiary hearing on claim of prosecutorial vindictiveness after entry of guilty plea where alleged vindictiveness occurred after the guilty plea).

Here, unlike in *Blackledge*, Foy's claim of prosecutorial vindictiveness was not apparent on the face of the record at the time Foy entered his plea. To the contrary, Foy filed his application for post-conviction relief precisely so that he could try to supplement the record and litigate a prosecutorial vindictiveness claim that he failed to raise prior to his guilty plea. In his briefing on appeal, Foy does not cite any cases in which courts have permitted such untimely claims to go forward under these circumstances. Nor has he articulated any reason why he should be allowed to do so in this case.

Thus, given the briefing and the record before us, we agree with the State that Foy's application for post-conviction relief was properly dismissed.

*Conclusion*

The judgment of the superior court is AFFIRMED.