# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3059
_____

United States of America

*Plaintiff   Appellee*

v.

Clinton Andrew Wynn, also known as Clinton Wynn

*Defendant   Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: February 24, 2023
Filed: April 12, 2023
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Clinton Andrew Wynn appeals after he pled guilty to possessing with the intent to distribute methamphetamine and carrying a firearm during a drug trafficking crime.

The district court[1] imposed a below-Guidelines-range sentence of 332 months in prison. Counsel has moved for leave to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Wynn's sentence is substantively unreasonable. In a pro se supplement, Wynn argues that the indictment was defective, his guilty plea was involuntary because he was medicated and counsel told him he would receive a 15-year sentence, a Guidelines enhancement was improper, his sentence exceeded the statutory maximum, and counsel performed deficiently.

As to Wynn's arguments regarding the voluntariness of his guilty plea, we conclude his claims lack merit. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver). Wynn confirmed at the change-of-plea hearing that, inter alia, his medications did not impact his ability to understand the proceedings, and no one made him any promises other than those in the plea agreement. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (one important way district court can ensure plea agreement is voluntary is to question defendant about decision to enter into agreement); see also Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity). We further conclude that Wynn's valid guilty plea waived his challenge to the indictment. See United States v. Muratella, 843 F.3d 780, 783 (8th Cir. 2016) (valid guilty plea waives all non-jurisdictional defects); see also United States v. Cotton, 535 U.S. 625, 631 (2002) (indictment defects are not jurisdictional).

Regarding Wynn's remaining arguments, we conclude his 332-month prison term is not unreasonable, as the district court varied below the Guidelines range, and there is no indication the district court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

weighing appropriate factors. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (sentences are reviewed for reasonableness under abuse-of-discretion standard; district court abuses its discretion if it fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing factors); see also United States v. Torres-Ojeda, 829 F.3d 1027, 1030 (8th Cir. 2016) (where defendant was sentenced below advisory Guidelines range, it is nearly inconceivable that district court abused its discretion in not varying downward further). We further conclude that review of the challenged enhancement is precluded by the withdrawal of Wynn's objection to that enhancement, see United States v. Thompson, 289 F.3d 524, 527 (8th Cir. 2002) (because counsel withdrew objections to presentence report, defendant is precluded from arguing those objections on appeal); his sentence for the drug offense did not exceed the statutory maximum, see 21 U.S.C. § 841(b)(1)(A) (maximum prison term of life for violation involving 50 grams or more of methamphetamine or 500 grams or more of mixture or substance containing methamphetamine); and his ineffective-assistance claims should not be reviewed at this juncture, see United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006) (court considers ineffective-assistance claims on direct appeal only where record has been developed, not acting would amount to plain miscarriage of justice, or error is apparent).

Finally, having reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we have found no non-frivolous issues. Accordingly, we grant counsel leave to withdraw, and affirm.

_____